

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XPRICEDANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-3727
Re: (1) Duty of Commissioners'
Court to levy taxes for com-
mon school districts within
the county. (2) Date of such
levy, in connection with Arti-
cle No. 689a-11, Revised Civil
Statutes, regarding approval
of county budget (3) authority
of Tax Assessor-Collector or
Commissioners' Court to in-
crease or decrease the rate of
such tax from that originally
levied to that fixed by subse-
quent election.

Your letter of June 23, 1953, submits for our opinion the
following inquiries, which we quote therefrom:

"Kindly refer to the above articles, and other
related articles, and give me an opinion realtive to
the following".

"1. Under Article No. 2784 is it the duty and
power of the Commissioners' Court to estimate and
levy the Taxes for the Common School Districts with-
in the County?

"2. Does Article No. 689a-11 confine the levy-
ing of the Taxes for the Common School Districts
within the County to a date subsequent to August 15th,
or does the Commissioners' Court have the authority
to levy in February or May, at a meeting when all
members of the Commissioners' Court are present?

"3. After the Taxes are levied by the Commissioners' Court and certified to the Tax Assessor-Collector of the County does the Tax Assessor-Collector have any legal authority to make any changes in the rates levied although a subsequent election has been held to either decrease or increase the rate?

"I am of the opinion that the authority for levying the Common School Districts taxes is wholly within the power of the Commissioners' Court, also that the Tax Assessor does not have the authority to grant any changes after the levy is made and certified to him by the Court.

"I shall be pleased to have your opinion at your very earliest convenience as an election has been ordered for an increase in the taxes of a common school district, if this election carries there will be a request for a change in the rate levied by the Commissioners' Court, which was done at the regular meeting on May 12, 1941."

The answer to your first question is found in the specific terms and requirements of the pertinent statutes. Article 2784, Revised Civil Statutes, provides, in part, as follows:

"The commissioners court for the common school districts in its county, and the district school trustees for the independent school districts incorporated for school purposes only, shall have power to levy and cause to be collected the annual taxes and to issue the bonds herein authorized, subject to the following provisions;"

Article 2795, Revised Civil Statutes, provides, in part, as follows:

"The commissioners court, at the time of levying taxes for county purposes, shall also levy upon all taxable property within any common school district the rate of tax so voted if a specific rate has been voted; otherwise said court shall levy such a rate within the limit so voted as has been determined by the board of trustees of said district and the county superintendent and certified to said court by the county superintendent. If such tax has been voted after the levy of county taxes, it shall be levied at any meeting of said court prior to the delivery of the assessment rolls by the assessor."

Under the foregoing statutes we answer your first question in the affirmative.

Your second question finds specific answer in our opinion No. 0-2364 to Honorable F. L. Marquess, County Auditor, Wharton County, Wharton, Texas, from which we quote:

"The date when such regular term of the Commissioners' Court may meet for the purpose of levying the county tax aside from the above requirements is affected by Article 689a-11 of Vernon's Annotated Civil Statutes, which provides in part as follows:

"'The Commissioners Court in each county shall each year provide for a public hearing on the county budget--which hearing shall take place on some date to be named by the Commissioners' Court subsequent to August 15th and prior to the levy of taxes by such Commissioners' Court. * * *'(Underscoring ours)

"You are advised therefore that it is necessary that the public hearing on the county budget is held on some date subsequent to August 15th and that the Commissioners' Court may not levy the tax until after such time. There is no requirement however that the Commissioners' Court must wait until September to levy the county tax.

"It is the opinion of this department that if, as you outline in your letter, the Commissioners' Court is in session at a regular term of said court in August on a date subsequent to the date on which the public hearing on the county budget was held that the Commissioners' Court may on such date levy the county tax."

Although this opinion involves the levy of county taxes, we have seen that the same statutory procedure obtained with reference to common school district taxes. Hence, it follows from this ruling that the tax levy made by the Commissioners' Court of your County at its regular meeting on May 12, 1941, is unauthorized and invalid because a lawful tax levy cannot be made until some regular term of said Court subsequent to August 15, 1941. We enclose a copy of the opinion adverted to for your complete information.

Honorable H. A. Hodges, Page 4

Answering your third question, we refer again to the statutes quoted, in part, in our discussion under your first question, as statutory authority for our conclusion that the Assessor-Collector of taxes of a county has no lawful authority to make any changes, by way of increase or dimunition, of the tax rate theretofore levied by a Commissioners' Court, regardless of the time such attempted action is taken and despite the fact that a subsequent election has been held to either decrease or increase the rate. Such action would be tantamount to a new levy, and the power and duty to levy taxes for common school districts of a county is vested exclusively in the Commissioners' Court of the county.

However, it is a corollary from our conclusion and discussion under your second question, that the Commissioners' Court of your county may, at a regular term, subsequent to August 15, 1941, levy a tax for common school districts of the county, in accordance with the increased or decreased rate voted at the contemplated election. In the event such election is held on a date subsequent to this tax levy by the Commissioners' Court, it nevertheless appears that said Court may make another levy of taxes in accordance with the rates voted at such election, providing such levy is made "at any meeting of said court prior to the delivery of the assessment rolls by the assessor". This seems to be the intendment of Article 2795, Revised Civil Statutes, quoted in part, at the outset of this opinion.

Trusting the foregoing fully answers your several inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      /S/ Pat M. Neff, Jr.

Assistant

APPROVED JULY 28, 1941

/S/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

PMN:lh:em

APPROVED OPINION COMMITTEE

By BWB, Chairman